# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

December 26, 2019

Lyle W. Cayce
Clerk

No. 18-10973
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ALEXANDER ROSENBLATT,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:17-CR-202-1

Before BENAVIDES, COSTA, and HO, Circuit Judges.

PER CURIAM:[*]

Alexander Rosenblatt pleaded guilty, pursuant to a plea agreement, to two counts of receipt of child pornography. The district court sentenced Rosenblatt to a total sentence of 360 months of imprisonment. It also imposed concurrent terms of 15 years of supervised release. The district court ordered Rosenblatt to pay $5,000 each in restitution to victims "Pia," "Ava," and "Mya," and $10,000 in restitution to another victim, "Maureen."

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-10973

Rosenblatt argues that the district court failed to conduct a proximate cause analysis, as required by *Paroline v. United States*, 572 U.S. 434, 460 (2014), when calculating the restitution awards.  In regard to the losses suffered by Pia, Ava, and Mya, Rosenblatt argues that the district court failed to comport with the holding in *Paroline* by not first calculating the victims' total losses.  Because Rosenblatt argues that the restitution amount exceeds the victims' actual losses, such a claim is not barred by the appeal waiver in his plea agreement.  *See United States v. Leal*, 933 F.3d 426, 430-31 (5th Cir.)*, cert. denied,* (No. 19-6554), 2019 WL 6689861 (U.S. Dec. 9, 2019).

Because Rosenblatt did not object to the restitution awards in the district court, we review for plain error only.  *See id.* at 431.  To show plain error, the defendant must show a forfeited error that is clear or obvious and that affects his substantial rights.  *Puckett v. United States*, 556 U.S. 129, 135 (2009).  If he makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *Id.*

The letter submitted by Maureen's counsel adequately conducted a proximate cause analysis as it set forth an estimate of the total losses broken down by category, including wage loss, attorneys' fees, and medical expenses. *See Paroline*, 572 U.S. at 446-48.  Similarly, the letter by counsel for Pia, Ava, and Mya also included an adequate proximate cause analysis as it emphasized the difficulty in determining the total amount of their losses, estimated the amount of future costs, and listed the amount of restitution already received by each victim.  *See id.*  Although it did not contain a calculation of total losses, *Paroline* does not stand for the proposition that a district court first must calculate a victim's total losses before conducting a proximate cause analysis. *See id.* at 449.  To the extent Rosenblatt argues that *Paroline* required the

No. 18-10973

district court to engage in additional analysis and discussion at sentencing, that issue is subject to reasonable dispute and, thus, is not clear or obvious error.  *See Puckett*, 556 U.S. at 135.

Rosenblatt has not demonstrated that the district court plainly erred in its restitution awards.  *See Paroline*, 572 U.S. at 460; *Puckett*, 556 U.S. at 135; *Leal*, 933 F.3d at 432-33.  The judgment of the district court is AFFIRMED.